## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **DOUG AND AMBER SOLMON,** ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Case No.: -_____ |
| vs. ) | **JURY DEMAND** |
| ) | |
| **MADISON RV, INC., CAMPERS INN** ) | |
| **OF MADISON, INC, JAYCO, INC. d/b/a** ) | |
| **HIGHLAND RIDGE RV, and BANK OF** ) | |
| **AMERICA, N/A,** ) | |
| Defendant(s). ) | |

### COMPLAINT

**COMES NOW** the Plaintiffs, Doug and Amber Solmon, (hereinafter "Plaintiffs" or "the Solmons"), by and through their undersigned counsel, and submits the following Claims:

### PARTIES

1. Plaintiffs, Doug and Amber Solmon, are Husband and Wife who are both over the age of 19 years, and reside in Madison County, Alabama.

2. Defendant, Madison RV, Inc. ("Defendant" or "Madison RV"), is a domestic corporation, and its principal place of business is 9311 Madison Boulevard, Madison, Alabama 35758. Based on information and belief, Madison RV is engaged in the business of selling recreational vehicles and travel trailer.

3. Defendant, Campers Inn of Madison, Inc. ("Defendant" or "Campers Inn"), is a domestic corporation, and its principal place of business is 9311 Madison Boulevard, Madison, Alabama 35758. Based on information and belief, Campers Inn is engaged in the business of selling recreational vehicles and travel trailer.

4. Defendant Jayco, Inc. d/b/a Highland Ridge RV ("Defendant" or "Highland Ridge"), is a foreign corporation regularly does business in Madison County, Alabama. Highland Ridge

manufactured the 2016 Open Range 367BHS travel trailer, VIN 58TFL3725023129, which is the subject of this action.

5. Defendant, Bank of America, N/A ("Defendant" or "Bank of America") is a foreign corporation, which regularly does business in Madison County, Alabama. Based on information and belief, Bank of America is the holder of the consumer credit contract which provided the Plaintiffs financing of the 2016 Open Range 367BHS travel trailer, which is the subject of this action. Pursuant to 16 CFR § 433, Bank of America is liable for all claims that the Plaintiff can assert against the seller up to the amounts paid, plus attorney's fees.

## JURISDICTION AND VENUE

6. Venue and personal jurisdiction are proper for this Court as the facts and circumstances giving rise to this action occurred at, or in, the Madison County, Alabama, and Defendants have systematic and continuous ties to Madison County, Alabama, which is located in the Northern Division of the Northern District of Alabama.

7. Furthermore, federal subject matter jurisdiction is also proper for a for claim arising under the Magnuson-Moss Warranty Act pursuant to 15 U.S.C. § 2310(d)(1)(B).

8. Supplemental jurisdiction exists over the other claims in this matter pursuant to 28 U.S.C. § 1367.

## STATEMENT OF FACTS

9. On or about September 7, 2016, the Solmons purchased a 2016 Open Range Roamer 367 BHS ("Camper") from Madison RV now doing business as Campers Inn.

10. The sales price for the Camper was $54,004.12, in which approximately $50,350.00 was financed with, or subsequently assigned to, Bank of America.

11. The Solmons intended to use the Camper for their personal, private and/or family use.

12. Along with their purchase of the Camper, the Solmons received a two-year limited written warranty for "repair or replace" from Highland Ridge, the manufacturer.

13. On that same day the Camper was purchased, the Solmons also did a walkthrough of the camper and noticed a strange looking bump on the exterior of the bunkhouse slide out. The Solmons pointed the bump out to the agents/employees of Madison RV that were assisting them in their purchase. An agent/employee of Madison RV informed the Solmons that the bump and a few other issues the Solmons found on the Camper would be repaired and covered under the Highland Ridge warranty.

14. Because the Solmons already had planned to take a trip in the Camper at the time it was purchased, the Solmons scheduled to return the Camper back to Madison RV for the repairs after they returned from their trip.

15. While using the Camper on their trip, the Solmons also noticed the floors were soft in several places. The Solmons again notified an agent/employee of Madison RV and were told the problem would be repaired and covered by the Highland Ridge warranty.

16. Around October 2016, the Solmons dropped the Camper off at Madison RV for the repairs. The Camper was eventually moved to a second location to Southern RV Wholesale, because Madison RV's service department was backlogged.

17. Based on information and belief, between 2016 and 2018 Southern RV Wholesale is believed to be owned and operated by Madison RV.

18. Around March 2017, the Solmons were notified that the repairs were complete, and the exterior bump was a blemish that was cosmetically corrected. However, when the Solmons went to pick up their Camper, they noticed the floors were still soft in some areas and there

was a big crease in the linoleum. After pointing these problems out, the Solmons were again told the problem would be repaired and covered under the warranty.

19. It was around July 2017 before the other repairs were finished and the Solmons were able to pick up the Camper.

20. Over the next fourteen months, the Solmons continued to take the Camper back to Madison RV for at least three more occasions for more repairs.

21. The other repairs to the Camper included, but not limited to, repairing a power converter on multiple occasions, the awning not rolling out, a heater fan fuse blowing out, and the brakes not working properly.

22. During this time, the Solmons realized the amount of time the Camper was out for repairs, exceeded the amount of time they had it in their possession. The Solmons contacted Highland Ridge to see if they could have the two-year limited warranty extended.

23. However, Highland Ridge denied their request and only offered an equivalent of one's months payment and a release from providing further warranty repairs. The Solmons denied Highland Ridge's offer.

24. In October 2018, right after the two-year limited warranty expired, the Solmons were winterizing the Camper, when they heard a popping sound as they were closing the rear slide out. When the Solmons opened the rear slide again, there was a crack in the exterior. The crack was located in the same exact place as the bump they found when they first purchased the Camper.

25. When the Solmons were able to return the Camper to Madison RV, now known as Camper's Inn, an agent/employee also confirmed the crack was in the same exact place.

26. The Solmons were also told it was likely there was structural damage to the Camper all along, and that Madison RV wanted to initially repair the bump as structural damage, but Highland Ridge denied their submission and only approved for the bump to be cosmetically repaired. The Solmons were later told by the general manager for Madison RV that he contacted Highland Ridge about repairing the crack because it was likely caused by structural damage that was there when the Solmons purchased the Camper.

27. However, the Solmons were informed Highland Ridge denied their warranty claim concerning the crack.

28. The Camper is not the first travel trailer and/or recreational vehicle the Solmons have owned. They are aware of the routine maintenance and have kept up with such requirements, such as winterizing the camper.

29. Furthermore, the times that the Solmons have had the Camper in their possession and not using it, the Camper has been kept in dry storage.

30. Nevertheless, every time the Solmons had a chance to use the Camper new problems have come up.

31. In addition to the crack in the rear slide, other problems have occurred since the two-year limited warranty expired have included, but not limited to, the battery charger going out, two fuses have blown, and the awning is still not working correctly.

32. As a result of the continuous problems with the Camper the Solmons have incurred damages including, but not limited to: not receiving the benefit of a camper they bargained for; monetary losses for the accrued interest and payments made on the Camper; monetary losses for out of pocket repairs of approximately $150.00; and attorney fees.

33. In addition, this situation has caused the Solmons to experience frustration, stress, anxiety, and mental anguish.

34. On or about May 22, 2019, counsel for the Plaintiff mailed a letter to Highland Ridge and Madison RV notifying the Defendants of the problems with Camper and revoking their acceptance. This letter further served as a 15-day notice in accordance with the Alabama Deceptive Trade Practices Act, §8-19-01 *et. seq*. and reasonably described the Defendants' unfair and/or deceptive practices. *See* Exhibit "A" attached hereto.

35. As of the date of this Complaint, this matter has not been resolved.

36. Defendants have further failed to acknowledge Plaintiffs' revocation of acceptance.

37. As a result, the Plaintiffs have also kept up with the Camper's required maintenance and is kept in dry storage.

38. The Plaintiffs have also continued to make monthly payments for the financing of the Camper to Bank of America to avoid negative marks on their credit reports.

### COUNT I – BREACH OF EXPRESS WARRANTY

39. The allegations of paragraphs 1-38 above are re-alleged and incorporated herein by reference.

40. The Plaintiffs and Defendants are subject to the provisions of Alabama's Uniform Commercial Code, Code of Alabama § 7-2-101 *et seq*.

41. Pursuant to the UCC the Plaintiffs are "Buyers" as defined by Ala. Code § 7-2-103(1)(a); and Defendants are "Sellers" and/or "Merchants as defined by Ala. Code §§ 7-2-103(1)(a) and 7-2-104(1).

42. The Camper purchased by the Plaintiffs is a "Good" and a "Consumer Good" as defined in Ala. Code § 7-2-105 and § 7-9A-102.

43. Defendants breached its express warranty by failing adequately to correct the problems, defects and nonconformities in said Camper within a reasonable amount of time and/or within a reasonable number of attempts.

44. Plaintiffs notified Defendants and/or its authorized agent within a reasonable time of such defects and nonconformities on several different occasions as stated above.

45. In addition, the letter dated May 22, 2019, from Plaintiffs' counsel provided Defendants with written notice.

46. Plaintiffs are entitled to all damages available pursuant to the Code of Alabama §7-2-714 and §7-2-715, including but not limited to damages for mental anguish.

47. Plaintiffs allege that any limitation of remedies (including but not limited to limitations or exclusions of a refund and incidental and/or consequential damages) contained in any of Defendant's warranties is unconscionable.

48. Plaintiffs allege that to the extent that the limitation or disclaimer of implied warranties violates the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301 *et. seq*.

49. As a proximate consequence of Defendants' breach of warranty, Plaintiffs have incurred monetary damages, incidental damages, consequential damages, and further, Plaintiffs have suffered stress, anxiety, inconvenience, frustration, and mental anguish.

**WHEREFORE** Plaintiffs claim damages for breach of warranty, mental anguish, incidental and consequential damages, and all other compensatory damages available, and any appropriate equitable relief, plus interest, costs and attorney's fees.

### COUNT II – BREACH OF IMPLIED WARRANTY

50. The allegations of paragraphs 1-38 above are re-alleged and incorporated herein by reference.

51. The Plaintiffs and Defendants are subject to the provisions of Alabama's Uniform Commercial Code, Code of Alabama §7-2-101 *et seq*.

52. Pursuant to the UCC the Plaintiffs are "Buyers" as defined by Ala. Code § 7-2-103(1)(a); and Defendants are "Sellers" and/or "Merchants as defined by Ala. Code §§ 7-2-103(1)(a) and 7-2-104(1).

53. The Camper purchased by the Plaintiffs is a "Good" and a "Consumer Good" as defined in Ala. Code § 7-2-105 and § 7-9A-102.

54. Plaintiffs relied on Defendants or its authorized agent skill and/or judgment to furnish suitable goods and Defendants knew and/or had reason to know that Plaintiffs were so relying.

55. The Defendants breached their implied warranty by:

    a. selling to Plaintiffs a camper not fit for the purposes for which such goods are sold or leased; and/or

    b. selling to the Plaintiffs a camper which was not in merchantable condition when sold or at any time thereafter.

56. Further Defendants failed to correct the problems, defects and nonconformities within a reasonable amount or time and/or within a reasonable number of attempts to do so.

57. Plaintiffs notified Defendants and/or its authorized agent within a reasonable time of such defects and nonconformities on several different occasions as stated above.

58. In addition, the letter dated May 22, 2019, from Plaintiffs' counsel provided Defendants with additional written notice.

59. Plaintiffs are entitled to all damages available pursuant to the Code of Alabama §7-2-714 and §7-2-715, including by not limited to damages for mental anguish.

60. Plaintiffs allege that any limitation of remedies (including by not limited to limitations or exclusions of a refund, and/or incidental and/or consequential damages) contained in any of Defendants' warranties is unconscionable.

61. Plaintiffs allege that to the extent that Defendants' limitation and/or disclaimer of implied warranties violates the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301 *et. seq*.

62. As a proximate consequence of Defendants' breaches of warranty, Plaintiffs have incurred monetary damages, incidental damages, consequential damages, and further, Plaintiffs have suffered stress, anxiety, inconvenience, frustration, and mental anguish.

**WHEREFORE** Plaintiffs claim damages for breach of warranty, mental anguish, incidental and consequential damages, and all other compensatory damages available, and any appropriate equitable relief, plus interest, costs and attorney's fees.

### COUNT III – VIOLATION OF THE MAGNUSON- MOSS ACT

63. The allegations of paragraphs 1-38 above are re-alleged and incorporated herein by reference.

64. Plaintiffs hereby allege that 15 USC §2301 *et seq*., the Magnuson-Moss Warranty Act, ("Magnuson"), applies to the transaction between the parties.

65. Plaintiffs hereby alleges that the Camper sold to them is a "consumer product," and that Plaintiffs are "Consumers" pursuant to 15 USC §2301(1) and (3).

66. Defendants are a "Supplier" and "Warrantor" pursuant to 15 USC § 2301(4) and (5).

67. An express limited warranty and an implied warranty of merchantability were given to Plaintiff as a part of the purchase, warranties which meet the definition of "written warranty" and "implied warranty" contained in 15 U.S.C. § 2301(6) and (7).

68. The Defendants breached its express and/or implied warranties with the Plaintiffs by:

    a. selling to Plaintiffs a Camper not fit for the purposes for which such goods are sold or leased;

    b. selling to the Plaintiff a Camper which was not in merchantable condition when sold or at any time thereafter; and/or

    c. failing adequately to correct the problems, defects and nonconformities in said Camper.

69. Further Defendants failed to correct the problems, defects and nonconformities within a reasonable amount or time and/or within a reasonable number of attempts to do so.

70. Plaintiffs notified Defendants and/or its authorized agent within a reasonable time of such defects and nonconformities on several different occasions as stated above.

71. In addition, the letter dated May 22, 2019, from Plaintiffs' counsel provided additional written notice to Defendants.

72. The May 22, 2019 letter also provided defendants with written notice of its revocation of acceptance of the Camper.

73. As a proximate consequence of Defendant's breaches of warranty, Plaintiffs have incurred monetary damages, incidental damages, consequential damages, and further, Plaintiffs have suffered stress, anxiety, inconvenience, frustration, and mental anguish.

74. Pursuant to 15 U.S.C. § 2310(d), Plaintiffs are entitled to actual damages, attorney fees, costs, and other legal and equitable relief.

**WHEREFORE**, the premises considered, Plaintiffs request a judgment award for damages caused by a violation of the Magnuson-Moss Warranty Act, mental anguish, incidental and consequential damages, and all other compensatory damages available, and any appropriate equitable relief, plus interest, costs and attorney's fees.

## COUNT IV – VIOLATION OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT

75. The allegations of paragraphs 1-38 above are re-alleged and incorporated herein by reference.

76. Plaintiffs hereby allege that they are consumers and that Defendants are person(s), knowingly engaged in the sale of goods and commerce as per the Alabama Deceptive Trade Practices Act ('ADTPA"), §8-19-1 *et seq*.

77. Defendants and/or its agent misrepresented the fitness, warranty, and the ability of repairs to the Plaintiffs.

78. The letter dated May 22, 2019, to Defendant from Plaintiffs' counsel constituted as a written demand for relief, pursuant to Ala. Code 1975, § 8-19-10(e), and reasonably describing the unfair or deceptive act or practice and Plaintiffs' injury.

79. Plaintiffs hereby allege that Defendants are subject to the ADTPA, and that they are in violation of the same by:

    a. "Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services…" pursuant to §8-19-5(2);

    b. "Causing confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another…" pursuant to §8-19-5(3)

    c. "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have" pursuant to §8-19-5(5);

    d. "Representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, secondhand, or altered to the point of decreasing their value or rendering the goods unfit for the ordinary purpose for which they were purchased" pursuant to §8-19-5(6);

    e. "Representing that goods or services are of a particular standard, quality, or grade..." pursuant to §8-19-5(7);

    f. "Advertising goods or services with intent not to sell them as advertised" pursuant to §8-19-5(9);

    g. "Advertising goods or services with intent not to supply reasonably expectable public demand unless the advertisement discloses a limitation of quantity" pursuant to §8-19-5(10);

    h. "Knowingly failing to identify flood, water, fire, or accidentally damaged goods as damaged goods if they are damaged to the point of decreasing their value or rendering the goods unfit for the ordinary purpose for which they were purchased…" §8-19-5(12);

    i. "Intentionally misrepresenting that a warranty or guarantee confers or involves certain rights or remedies" pursuant to §8-19-5(21); and

    j. "Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce" pursuant to §8-19-5(27).

80. As a result of the actions of the Defendants, the Plaintiffs have incurred monetary damages, incidental damages, consequential damages, and further, Plaintiffs have suffered stress, anxiety, inconvenience, frustration, and mental anguish.

81. Plaintiffs hereby contend pursuant to Ala. Code § 8-19-10(a), they are entitled to relief under the ADTPA of three times the amount of actual damages, plus costs, and a reasonable attorneys fee to be determined at the conclusion of this litigation.

**WHEREFORE**, the premises considered, Plaintiffs respectfully requests a judgment award in the amount of three times actual damages or $100.00 whichever is greater, along with costs and attorney fees as provided by Alabama Code § 8-19-10(a); and such further and different relief as it deems just and proper.

## COUNT V—REVOCATION OF ACCEPTANCE

82. Paragraphs 1 through 38 are re-alleged and incorporated by reference herein.

83. Defendants and Plaintiffs are subject to the provisions of Alabama's Uniform Commercial Code ("UCC"), Ala. Code § 7-2-101, *et seq*.

84. At the time of purchase, the Plaintiffs were provided a two-year warranty that the Camper's nonconformities would be repaired or replaced.

85. In addition, before leaving Madison RV, the Plaintiffs were verbally assured that the bump in the exterior wall would be repaired.

86. Furthermore, upon discovering other nonconforming problems and/or reoccurring nonconformities with the Camper, the Plaintiffs continuously notified Defendants and/or its agents, with in a reasonable time.

87. Pursuant to the UCC, a buyer may reject goods and/or commercial units where the acceptance was on the reasonable assumption that the nonconformities would be seasonable cured.

88. The Defendants have failed to cure such defects and/or nonconformities within a reasonable amount of time and/or within a reasonable number of attempts.

89. Plaintiffs rightfully revoked acceptance of the Camper in its letter dated May 22, 2019.

90. Defendants have not otherwise accepted the Plaintiffs rejection of the Camper.

91. Section 7-2-711 of the Alabama Code provides: "On rightful rejection or justifiable revocation of acceptance a buyer has a security interest in goods in his possession or control for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care and custody and may hold such goods and resell them in like manner as an aggrieved seller."

**WHEREFORE**, the premises considered, the Plaintiffs pray the Court will render a judgment declaring that Plaintiffs properly rejected the non-conforming goods. Plaintiffs also pray the Court will grant them a security interest in the goods until such time as Defendants retrieve them and return the payments made on their price. Plaintiffs further pray the Court will grant such further and different relief as may be just and proper.

Respectfully submitted on the 11th day of October 2019.

> */s/ Mary Ruth C. Smitherman*
> Mary Ruth C. Smitherman
> maryruth@aclg.law
> Attorney for Plaintiffs
>
> */s/ J. Gabriel Carpenter*
> J. Gabriel Carpenter
> gabe@aclg.law
> Attorney for Plaintiffs
>
> */s/ Harvey B. Campbell, Jr.*
> Harvey B. Campbell, Jr.
> buddy@aclg.law
> Attorney for Plaintiffs

**OF COUNSEL:**
Alabama Consumer Law Group, LLC
P.O. Drawer 756
400 Court Square
Talladega, AL 35161

256-761-1858

## JURY DEMAND

**Plaintiffs hereby demand a trial by jury as to this complaint.**

                                                */s/ Mary Ruth C. Smitherman*
                                                Attorney for Plaintiffs